J ohnson, J.
It will be seen by tbe statement of facts, that Zwald’s mortgage and notes became effective March 1,1878 ; that one note was doe October 1, 1879, and one October 1, 1880, and that long before due, they became the property of Bates by purchase from the mortgagee, Zwald, by indorsement and delivery of the notes, and by delivery of the mortgage, without such indorsement, so that Bates thereby became the legal owner and holder of the notes by purchase for a valuable consideration, before due, and the sole and absolute owner of the mortgage to secure the same by delivery without written assignment of the same. The reply of Holliger admits these facts and seeks to avoid their legal effect by setting up that he had a prior mortgage on the same premises, on which he commenced an action October 1,1878, one year before the first note held by Bates became due, and two years before the second, which mortgage was executed by Rolli, and was entered for record the day of its date. That, in said action, Rolli, the mortgagor, and John Zwald, the second mortgagee, were defendants. Zwald, though served, failed to answer or demur to the petition, and such proceedings were had that the plaintiff had a decree in his favor for the amount due on his prior note and mortgage, and an order of sale of the premises.
This decree Avas dated December 9, 1878. January 23, 1879, the sheriff, in pursuance thereof, sold-the land to the plaintiff for more than two-thirds of the appraisement, Avliich sale was confirmed and conveyance made to the plaintiff, who took possession. He avers that he had no notice or knowledge that Zwald, the second mortgagee, had sold the notes and mortgage to defendant, and supposed he aves still the owner and holder thereof. He charges negligence upon Bates in not having the assignment of the mortgage in writing entered of record, or in not taking a quit-claim deed from Zwald made to him and recorded. He says he believed that he had made all necessary parties to his action to foreclose; that he was a purchaser in good faith, having no knowledge of Bates’ inter *445 est in the titles to said notes and mortgage, and that Bates by his neglect in the premises is estopped from setting up his claim against the plaintiff, who was an innocent purchaser of the land, and holds the same free from all title, interest, or demand, and of all equities of redemption of Bates therein. "Wherefore he prays that the title and pretended interest of Bates be adjudged void, and for other and further relief.
The answer of Bates shows that by his purchase from Zwald of the second mortgage and the notes thereby secured, he acquired an interest in the premises as second mortgagee, and by the well-settled rule in Ohio was entitled to institute proceedings to foreclose his own mortgage when the notes became due, and, by making the prior mortgagee a party, to foreclose that also; and a sale made under such a decree, if the mortgagor was also a party, would confer the complete title upon the purchaser. This being the right of Bates, as sole owner of the notes and mortgage he held, the only question raised by the reply is, did the proceedings instituted by the first mortgagee, to which he was not a party, bar his right to such foreclosure ?
At the time that proceeding was instituted and consummated, the notes secured by the Zwald mortgage were not yet due; one had a year to run, and one two years. The record of mortgages made known to the plaintiff this important fact. It is not claimed by the reply that he made any effort whatever to ascertain who owned these notes and mortgage. He did not inquire of Rolli, the mortgagor, if the debt secured thereby had been paid, neither did he inquire of Zwald, the second mortgagee, if he still held the mortgage. The presumption was that this mortgage being unsatisfied of record was still outstanding, and the notes secured thereby being commercial paper, and not yet due, were liable to be transferred in the open market to a bona fide holder for value. Under these circumstances the decree in favor of the first mortgagee had no effect whatever upon the rights of Bates as the holder *446 of the second mortgage. The sheriff’s deed passed all the lights and interests of the first mortgagee and of Rolli’s to the purchaser. It did not, however, divest any right acquired by the second mortgage. It is true Zwald was a party to that proceeding, and as to him the decree was taken by default, but he had long before that parted with all his interest in' the second mortgage to Bates, who was not a party. Plaintiff’s purchase, therefore, did not divest Bates of his equity of redemption. The plaintiff, by such purchase, acquired the whole title, subject only to the right of the second mortgagee to redeem. The principles established in Frische v. Kramer, 16 Ohio, 125; McGruffey v. Finley, 20 Ohio, 474; Childs v. Childs, 10 Ohio St. 339, and Stewart v. Johnson, 30 Ohio St. 24, settles this question, as above stated.
¥e refer to these cases, especially the last two, which are directly in point. They leave no room for controversy. The plaintiff, however, seeks to avoid their force upon two grounds: first, that Bates, as assignee of the second mortgage, took no written assignment of the mortgage, and failed to have such assignment noted on the margin of the record of his mortgage so that plaintiff might know the fact; second, nor did he take from the mortgagor a quitclaim deed to the title and have the same recorded.
The claim is, that by reason of such neglect, and by reason of plaintiff being a bona fide purchaser at a judicial sale, this equity of redemption, which was a secret equity, is barred, though the decree of the court as to him is a nullity.
Conceding that a written assignment of the mortgage may, under the statute, be recorded and thus be notice to others, yet the statute does not require it, and a failure to have it done can not divest the assignee of his rights and equities. Again, neither Zwald nor Bates had any right to demand of Rolli a quit-claim deed which would surrender the mortgagoi'’s equity of redemption. Therefore, the failure to get one and have it recorded could not estop *447 them or either of them from enforcing their second mortgage.
It is said, however, that the plaintiff was a purchaser at a judicial sale and is in possession under the legal title, and that his equities are stronger than those of Bates, whose equities are secret. It is a inisnomer to call Bates’ equity-secret. It was of record as the law required, and was notice to all the world of the outstanding notes not yet due and presumptively unpaid.
No effort had been made by the plaintiff to ascertain the ownership of these notes, nor did the decree under which plaintiff purchased in any way notice or effect them.
Again, it is said that the rule of caveat emptor does not apply as to latent equities.
Assuming, without deciding that this is true, it has no application to the case at bar. Here, by an inspection of the mortgage record, or by an inquiry of Rolli, the mortgagor in possession, or of Zwald, the second mortgagee, the facts could readily have been known.
The second mortgage being of record, as the law required, was not a latent or secret equity, but a lien of record, and the purchaser at a judicial sale took his title subject to the same, in whosever hands it might be.

Judgment affirmed.